IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JORDAN LEIGH ANN O'NEAL,

       Plaintiff,

vs.

EMILY TRANS, INC., CHRIS VELARDE
DMT TRUCKING, INC., and TEDDY HESS,

       Defendants.

Civil Action No. _____

**Jury Trial Requested**

**COMPLAINT FOR PERSONAL INJURIES**

Comes now, Jordan Leigh Ann O'Neal, hereinafter referred to as Plaintiff, by and through her undersigned counsel, and for her causes of action would state as follows:

**I. PARTIES**

1.     Plaintiff is an individual whose place of residence is Parker County, Texas.

2.     Defendant Emily Trans, Inc. ["EMILY TRANS"] is a corporation organized under the laws of the state of California, lawfully doing business as a motor transport carrier under the Federal Motor Transport Act. Its authorized agent for service of process, Jacqueline Alvarez, may be served with summons at 9265 Paso Robles Ave., Northridge, CA 91325.

3.     Defendant Chris Velarde ["VELARDE"] is an individual residing in the state of California, who may be served with summons at his place of employment, Emily Trans, Inc., at 9265 Paso Robles Ave., Northridge, CA 91325.

4.     Defendant DMT Trucking, Inc., ["DMT"] is a corporation duly organized under the laws of the state of Texas, whose authorized agent for service of process, Mr. Dennis Taylor, may be served at 1701 Lacy Drive, Fort Worth, Texas 76177.

5.     Defendant Teddy Hess ["HESS"] is an individual residing in Palo Pinto County, Texas, who may be served at 319 Quail Creek Road, Mineral Wells, Texas.

## II. JURISDICTION

6.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy in this matter exceeds $75,000.00, excluding interest and costs.

## III. VENUE

7.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2), as the event giving rise to this claim occurred in the Federal District of New Mexico.

## IV. FACTS GERMANE TO ALL CLAIMS FOR RELIEF

8.     Plaintiff re-alleges Paragraphs 1 through 7 as though fully recited at length herein.

9.     Plaintiff states that on or about December 11, 2014, she was riding as a passenger in the sleeper portion of the tractor portion of a tractor-trailer rig owned by HESS, and being operated by HESS.

10.    Plaintiff had been working as a contract driver for HESS under a contract with Defendant DMT, which was also the *de facto* employer of HESS.

11.    At the time of the incident in question, however, Plaintiff was not working, but was simply a passenger, sleeping in the sleeper area of the tractor trailer.

12.    At approximately 3:45 o'clock a.m., a violent collision occurred between the tractor trailer rig in which Plaintiff was riding (and which was being operated by HESS), and a tractor-trailer owned by EMILY TRANS and being operated by VELARDE.

13.    Plaintiff states that this collision occurred because of the careless and negligent acts of the various Defendants which will be more fully set forth hereafter.

14.     Plaintiff further states that the negligent acts of the Defendants, both jointly and severally and in combination with the acts of the other Defendants, proximately caused the occurrence in question, and the severe injuries and damages sustained by Plaintiff as a result thereof.

15.     Plaintiff seeks to recover compensation for her injuries and damages proximately caused by the negligent acts of the Defendants.

### V.    CLAIMS FOR RELIEF

### COUNT I - NEGLIGENCE OF DEFENDANT EMILY TRANS, INC.

16.     Plaintiff re-alleges Paragraphs 1 through 15 as though fully recited at length herein.

17.     Plaintiff contends that the incident in question occurred as the direct result of the breach of the duties identified below and which were proximate result of the negligence of the EMILY TRANS as follows:

(1)     In negligently hiring, training, supervising, and retaining VELARDE as a driver and operator of the tractor-trailer rig owned by EMILY TRANS which was involved in the incident in question;

(2)     In failing to properly inspect and maintain the tractor-trailer rig involved in the incident in question, and in failing to ensure that all lighting and safety hazard lights were fully operational, and in failing to ensure that the vehicle's tires were safe, and aligned, with the proper amount of tread and were properly inflated;

(3)     In failing to provide proper equipment for its tractor-trailer rig, including safe and adequate tires;

(4)     Under the *Doctrine of Respondeat Superior*, VELARDE was an employee of EMILY TRANS and was in the course and scope of his duties as an employee at the time of the incident in question, and therefore his negligent and grossly negligent actions are imputed to EMILY TRANS.

18.     As a direct and proximate result of the acts and failures to act stated herein, along

with those facts which will be discovered in this matter, Plaintiff suffered permanent injuries, past present, and future pain and suffering, loss of enjoyment of life, medical bills, out of pocket expenses, all in an amount more fully set forth below and to be proven at trial.

### COUNT II – NEGLIGENCE OF DEFENDANT CHRIS VELARDE

19. Plaintiff re-alleges Paragraphs 1 through 18 as though fully recited at length herein.

20. Plaintiff contends that the incident in question occurred as the breach of the duties identified below which were proximate result of the negligence of the VELARDE as follows:

(1) In operating the tractor-trailer rig which he was driving in such a manner that it posed a significant safety hazard to traffic approaching from the rear, in that he was driving the tractor-trailer in question in a lane of traffic on an interstate highway at a speed that was so low that it would be difficult, if not impossible, for a vehicle approaching from the rear at the posted speed limit to tell that the EMILY TRANS vehicle was barely moving;

(2) In operating EMILY TRANS' tractor-trailer rig at an unsafe speed, such that by the time a driver approaching from the rear was aware that an extremely slow-moving tractor-trailer rig was in front of them, it would be impossible to avoid striking same;

(3) In failing to provide adequate warning to other motorists of the presence, and unsafe speed, of EMILY TRANS' tractor-trailer rig;

(4) In failing to properly maintain and inspect EMILY TRANS' tractor-trailer rig in question, so as to ensure that all tractor and trailer lighting, including safety hazard lights, were fully operational before driving the rig on a highway, and that the vehicle's tires were safe, fully inflated, and did not show evidence of damage, defect, or deflation;

(5) In failing to pull EMILY TRANS' tractor-trailer rig to the side of the road in order to repair the vehicle's damaged or deflated tire or tires, such that the vehicle could then resume normal, safe operation.

21. As a direct and proximate result of the acts and failures to act stated herein, along

with those facts which will be discovered in this matter, Plaintiff suffered permanent injuries, past present, and future pain and suffering, loss of enjoyment of life, medical bills, out of pocket expenses, all in an amount more fully set forth below and to be proven at trial.

## COUNT III – NEGLIGENCE OF DEFENDANT DMT TRUCKING, INC.

22. Plaintiff re-alleges Paragraphs 1 through 21 as though fully recited at length herein.

23. Plaintiff contends that the incident in question occurred as the breach of the duties identified below which were proximate result of the negligence of the DMT as follows:

    (1) In negligently hiring, training, supervising, and retaining HESS as an employee;

    (2) Under the *Doctrine of Respondeat Superior*, HESS was an employee of DMT and was in the course and scope of his duties as an employee at the time of the incident in question.

24. As a direct and proximate result of the acts and failures to act stated herein, along with those facts which will be discovered in this matter, Plaintiff suffered permanent injuries, past present, and future pain and suffering, loss of enjoyment of life, medical bills, out of pocket expenses, all in an amount more fully set forth below and to be proven at trial.

## COUNT IV – NEGLIGENCE OF DEFENDANT TEDDY HESS

25. Plaintiff re-alleges Paragraphs 1 through 21 as though fully recited at length herein.

26. Plaintiff contends that the incident in question occurred as the breach of the duties identified below which were proximate result of the negligence of the Defendant HESS as follows:

    (1) Failure to keep a proper lookout;

    (2)    Failure to steer the eighteen wheeler which he was driving to the left or to the right in order to avoid striking the EMILY TRANS truck;

    (3)    Failure to apply the brakes of the tractor-trailer rig which he was operating; or in the alternative, in failing to apply the brakes in that time and manner that an ordinary prudent truck driver under the same or similar circumstances would have applied the brakes;

    (4)    In traveling at a speed which was excessive, given the circumstances and the hour of the day at which the incident occurred; and

    (5)    Other acts of negligence yet to be known.

27.    As a direct and proximate result of the acts and/or failures to act stated herein, along with those facts which will be discovered in this matter, Plaintiff suffered permanent injuries, past present, and future pain and suffering, loss of enjoyment of life, medical bills, out of pocket expenses, all in an amount more fully set forth below and to be proven at trial.

28.    All of the above acts of negligence and carelessness were a proximate cause of the collision and resulting damages to Plaintiff.

## VI.  DAMAGES

29.    Plaintiff re-alleges Paragraphs 1 through 28 as though fully recited at length herein.

30.    As a result of the incident in question and the negligence of Defendants, and each of them, Plaintiff suffered severe, agonizing and permanent personal injuries, including severe fractures to both femurs, which necessitated surgery and implantation of titanium rods.

31.    The injuries suffered by Plaintiff as a result of the incident in question, proximately caused in the following damages, to-wit:

    (a)    Doctor, hospital, and pharmaceutical bills, past and future;
    (b)    Physical pain and suffering, past and future;
    (c)    Mental anguish, past and future;
    (d)    Impairment, past and future;
    (e)    Disfigurement, past and future;
    (f)    Loss of earnings and wage earning capacity, past and future; and

    (g)    Loss of personal property which was destroyed in the wreck with a value in the amount of $4,419.48.

## VII.  EXEMPLARY AND PUNITIVE DAMAGES

32. Plaintiff re-alleges Paragraphs 1 through 31 as though fully recited at length herein.

33. Plaintiff states that the actions of Defendants EMILY TRANS and VELARDE constitute actions not only of negligence, but that such actions amount to recklessness and gross negligence, and that the actions of VELARDE are to be imputed to EMILY TRANS.

34. Accordingly, Plaintiff seeks an award of punitive damages against Defendants EMILY TRANS and VELARDE.

## VIII.  PRAYER

WHEREFORE, respectfully prays that this Court enter judgment for Plaintiff and against the Defendants, jointly or severally, for her damages as set forth above, and recover her legal damages, including without limitation:

A. Punitive damages;

B. Defendant DMT be held vicariously liable for the negligent actions of Defendant HESS;

C. Defendant EMILY TRANS be held vicariously liable for the negligent and grossly negligent actions of Defendant VELARDE;

D. Plaintiff recover all pre-judgment and post-judgment interest at the maximum lawful rate;

E. Plaintiff recover all costs of Court expended in this behalf;

F. Plaintiff have such other and further relief, general or special, at law and equity, as may be warranted under the circumstances.

## IX. JURY DEMAND

Plaintiffs asserts her rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all triable issues.

                         Respectfully submitted,

                         */s/ Stephen C. Maxwell*
                         **STEPHEN C. MAXWELL**
                         State Bar No. 13258500
                         smaxwell@ maxlawyers.com
                         **BAILEY & GALYEN**
                         1300 Summit Avenue, Ste. 650
                         Fort Worth, Texas  76102
                         (817) 417-9660 Phone
                         (817) 719-9484 Fax
                         **ATTORNEY FOR PLAINTIFF**